STURGIS, Judge
(concurring specially).
I wish to observe that our discussion in the Foremost Properties case of the fact that compliance was had of the procedural requirements of F.S. § 92.08, F.S.A. preliminary to the proffer for admission in evidence of the tax deed there involved was obiter dicta because on that appeal there was no issue before this court of any alleged failure to meet such procedural requirements; and it was clearly stated that the only issues were whether the trial court erred in sustaining the objection to the introduction of the tax deed and in failing to apply the provisions of F.S. § 95.23, F.S.A. The objections in that case raising those issues related exclusively to the admission of the tax deed for the purposes specified by F.S. § 95.23, F.S.A. absent proof of the regularity of proceedings leading up to the issuance of the deed.
It should be well understood that in the case now on review there is likewise no issue before this court involving the question as to whether the documents excluded from evidence were inadmissible because of any failure on the part of the plaintiff in ejectment to comply with the procedural requirements of F.S. § 92.08, F.S.A.; further, that we construe that statute and F.S. § 95.23, F.S.A. as having totally unrelated purposes.
F.S. § 92.08, F.S.A. is designed to supply prima facie proof of the truth of facts recited in a deed of conveyance or power of attorney that has been of public record for more than twenty years prior to the institution of the suit in which it is offered. The provisions of the statute relating to ten days notice of intent to offer the instrument in evidence for such purposes and necessity to show that the original is not within the custody or control of the party offering a copy in lieu of the original are strictly matters of procedure, and when failure to comply therewith is not specifically insisted upon by the adversary under an appropriate objection to admission in evidence, the procedural defects are deemed to be waived.
Recitals of the nature comprehended by F.S. § 92.08, F.S.A. are found, e. g., (a) where the instrument recites, in effect, that certain named individuals are the heirs at law of a named intestate upon whose estate no administration was had; or (b) recites, in effect, that certain named persons are the children of a certain named person; or (c) recites, in effect, that the grantor named acquired by deed of conveyance from a named person and that such deed was not recorded because lost, etc., etc. Where recitations of such nature are material to the issues of the cause, the statute is available to supply prima facie proof of a fact not otherwise readily provable or which, because of the lapse of the statutory period (twenty years) is peremptorily accorded the prima facie dignity of truthfulness.
Section 95.23, F.S.A., on the other hand, is a statute of limitations. The statute proper, quoted in the foregoing opinion, speaks its efficient purpose.
For the purpose of emphasis only, I would add that I am in full accord with the proposition inherent in Judge CARROLL’S able opinion, to the effect that the procedural requirements of F.S. § 92.08, F.S.A. *333 are not necessary to be complied with where the party seeking relief does not intend to rely for evidence on recitations of fact prima facie establishable under that statute.
In conclusion, note is taken that under F.S. § 92.12, F.S.A. certified copies of recorded deeds and other papers in writing entitled to record are admissible in evidence “with the like force and effect as the original thereof might be,” subject to the control of the court or judge before whom such copies are offered.